IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GARY HARALSON,

    Petitioner,

v.                                                      CASE NO. 1:05-cv-00112-MP-WCS

FLORIDA PAROLE COMMISSION, ET AL,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 25, Report and Recommendation of the Magistrate Judge, recommending that Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by Gary Haralson be denied with prejudice.  The Petitioner responded, docs. 29, 30 and the attachment to doc. 28.  The petitioner was convicted of murder in 1993 and sentenced to 24 years imprisonment.  Ten years into his sentence, he was given conditional release, subject to, among other things, two conditions relevant to the instant case:

- Condition 14 stated: "You shall submit yourself for an evaluation to determine if sex offender therapy is needed and follow any recommended treatment."
- Condition 26 stated: "You shall participate in an anger and stress management program until a determination is made by authoritiesof the program that you are no longer in need of such treatment or you complete your term of supervision, whichever occurs first."

Within a year, he was found by a state judge in violation of the two conditions above.  Indeed, at the time of his conditional release, he had refused to sign the section of his release papers in which he should have acknowledged the above two conditions.

The petitioner challenges this revocation of his conditional release on various grounds.  The Court agrees with the Magistrate Judge that none of his arguments have any merit, however.  First, substantial testimonial evidence supported the state judge's conclusion that petitioner failed

to submit to the recommended examination and failed to follow the treatment required in the two conditions. Second, petitioner has failed to support his claim that the conditional release statute was in "repeal" at the time he committed the murder in this case. Third, the Magistrate Judge is correct in noting that the fact that petitioner refused to acknowledge the conditions does not mean they were not required. Conditional release is merely an aspect of executive clemency completely within the discretion of the state officials; there is no bargain struck with the prisoner and no federal constitutional right associated with conditional release. Thus, all of petitioner's claims based on the due process clause are without merit. Finally, the decision to require the treatment in the conditions was within the Parole Commission's authority even before the Florida Sex Predators Act. Thus, no ex post facto claim based on the enactment date of that Act arises in this case. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. This action is DISMISSED, and the clerk is directed to close the file.

**DONE AND ORDERED** this  *8th*  day of August, 2006

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge